# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THEODORE P. GIBSON, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 10-cv-119-TLW ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff Theodore P. Gibson, Jr., pursuant to 42 U.S.C. § 1382c(a)(3)(A), requests judicial review of the decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits under Title XVI of the Social Security Act ("Act"). In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. # 12). Any appeal of this order will be directly to the Tenth Circuit Court of Appeals.

## Review

When applying for disability benefits, a plaintiff bears the initial burden of proving that he or she is disabled. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 416.912(a). "Disabled" under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A plaintiff is disabled under the Act only if his or her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy." 42 U.S.C. § 423(d)(2)(A). Social Security

regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 416.920; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988) (setting forth the five steps in detail). "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." Williams, 844 F.2d at 750.

The role of the court in reviewing a decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. § 416.908. The evidence must

come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. § 416.913(a).

## Discussion

Plaintiff first asserts that the ALJ's credibility determination is flawed. The review of an ALJ's credibility determination is limited, and reweighing the evidence is not permissible. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Moreover, an ALJ's credibility findings warrant particular deference, because she is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). Thus, the ALJ's judgment regarding credibility will stand if supported by substantial evidence. Gay, 986 F.2d at 1341 (10th Cir. 1993). Nonetheless, "an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Hardman v. Barnhart, 362 F.3d at 676, 678-79 (10th Cir. 2004).

With respect to credibility, the ALJ said, "After careful consideration of the evidence, I find that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (R. 13). The ALJ also included in her decision the requirements of a proper credibility analysis. (R. 12-13). Plaintiff does not dispute that the ALJ correctly recited these requirements or even that the ALJ cited evidence relevant to the credibility determination. Rather, plaintiff asserts that:

> [T]he ALJ never provided any reason or explanation for her finding that Mr. Gibson was not credible anywhere in her decision. This erroneous failure to provide any explanation for her credibility finding was harmful because the ALJ's summary of the medical evidence addressed some evidence which might support the ALJ's credibility conclusion and other evidence which contradicted the ALJ's credibility conclusion, such as her discussion of the evidence indicating Mr. Gibson was unable to maintain employment for any significant period of time during the entire relevant time period. (R. at 12-15). Therefore, since the ALJ's legally erroneous credibility discussion makes it impossible to properly determine if the ALJ's credibility finding was actually based on substantial evidence, this case must be remanded for a proper credibility analysis. *See Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

(Dkt. # 16 at 6-7).

Plaintiff's argument is well founded. In the first paragraph after her recitation of the credibility analysis requirements, the ALJ includes a factual recitation of plaintiff's prior psychiatric hospitalizations; including a statement that plaintiff "apparently" had not been taking his medication. The ALJ also notes plaintiff's diagnosis and GAF upon discharge from his most recent hospitalization. However, there is no mention regarding how these facts influenced the ALJ's credibility determination, if at all.

Next, the ALJ summarizes treatment records from a March 1, 2007 visit to Associated Centers for Therapy and the records from a March 17, 2007 visit to the medication clinic. Based on the ALJ's summary, these records indicate that plaintiff was not altogether coherent during his March 1 visit: he exhibited "tangential, at times illogical," speech with frequent rambling; he stated that he "moved to Belgium and married a top secret brain surgeon but is now divorced"; he reported "fair/poor" relationships with his family; and he stated that many of his "previous" difficulties originate from "my ADD." (R. 14). Again, the ALJ does not identify how these facts influenced her credibility determination.

4

Finally, in the last paragraph on page 14 of the Record, the ALJ notes that as of July 2, 2007, records from Associated Centers for Therapy indicate that plaintiff was doing well and that he requested Ritalin to help him in school. Id. Similarly, the ALJ cites records from August 28, 2007, October 15, 2007, and November 12, 2007, all evidencing that plaintiff was doing well. In addition, the ALJ wrote in bold:

> **Apparently, some of his siblings, who are involved with social work, encouraged him to apply for disability. He did, so it would pay off his student loans by the time he is done. At that time, he said it had been about 7 years since he had needed to be hospitalized while was on medication. The claimant said to put in his chart that he is having anxiety, because he will have financial problems if his loans do not get paid off from disability.**

(R. 14).[1] There can be little doubt that this evidence establishes a firm basis upon which to question plaintiff's credibility and that had the ALJ "affirmatively linked" this evidence to her credibility finding, there would be no error. But the ALJ did not link this evidence, or any other evidence, to her credibility finding. As a result, this case must be remanded for the ALJ to make the required affirmative link or to revisit the credibility analysis, if she believes there is no such link.

Next, plaintiff asserts that the ALJ committed legal error by failing to conduct a proper step four analysis. For the reasons set forth in defendant's brief, this argument is rejected, except to the extent that it is impacted by the ALJ's reconsideration of plaintiff's credibility.

## Conclusion

The decision of the Commissioner finding plaintiff not disabled is hereby REVERSED in part, and this case is REMANDED solely for the purpose of allowing the ALJ to make the required affirmative link between the evidence in her decision and her credibility finding or to

---

[1] Plaintiff's statements are reflected in a July 31, 2007 progress note. (R. 264).

revisit her credibility analysis if she concludes that no such link is present. If the ALJ determines that her conclusion regarding plaintiff's credibility was in error, than she may need to revisit her step four analysis.

SO ORDERED this 20th day of May, 2011.

T. Lane Wilson
United States Magistrate Judge